UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAINIER C. SONG, SID #643981, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> UNKNOWN MEDICAL ADMIN., Comal § <br> County Jail; LT. F/N/U DELGADO, Comal § <br> County Jail; and MARK REYNOLDS § <br> Sheriff, Comal County, § <br> § <br> Defendants. § | SA-22-CV-01144-XR |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Rainier C. Song's ("Song") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Song is proceeding *in forma pauperis* ("IFP"). (ECF Nos. 4, 6). On January 17, 2023, the Court ordered Song to show cause, on or before February 16, 2023, why his Complaint should not be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. (ECF No. 7); *see* 28 U.S.C. §§ 1915(e)(2)(B)(i, ii), 1915A(b)(1). Song was specifically advised that if he failed to comply, his Complaint could be dismissed for failure to prosecute and failure to comply with the Show Cause Order. (ECF No. 7); *see* FED. R. CIV. P. 41(b). To date, Song has not responded to the Court's Show Cause Order. Additionally, Comal County records show Song was released on bond February 17, 2023; however, Song failed to file a change of address with this Court as required by this Court's case opening letter. (ECF No. 2); *see* public.co.comal.tx.us/JailingDetail.aspx?JailingID=291168 (last visited Mar. 1, 2023). Therefore, after review, the Court orders Song's Complaint **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B)(i, ii), 1915A(b)(1). Further, the Court orders Song's Complaint

**DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order and for failure to file a notice of change of address. (ECF Nos. 1, 7); *see* FED. R. CIV. P. 41(b).

## BACKGROUND

According to records from Comal County, Song was confined in the Comal County Jail based on his arrests for "FTA–PROHIBITED WEAPON" and public intoxication. *See* public.co.comal.tx.us/JailingSearch.aspx?ID=400 (last visited Mar. 1, 2023). While confined, he filed this action against (1) "Unknown Medical Admin., Comal County Jail" ("Unknown Medical Administration"); (2) Lieutenant F/N/U Delgado ("Lt. Delgado"); and (3) Comal County Sheriff Mark Reynolds ("the Sheriff"). (ECF No. 1). Song complains about the alleged discontinuation of certain medications, his placement in administrative segregation, and violations of his rights to equal protection. (*Id.*). As relief, Song seeks unstated monetary, declaratory, and injunctive relief. (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. Vague, Missing Allegations — All Defendants

To state a viable claim, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570. The Court finds Song has failed to comply with this standard.

In his Complaint, Song, who "identifies as a member of the LGBTQ community," conclusorily contends he has been subjected to "medical malpractice" and deliberate indifference to a serious medical need, seemingly based on the refusal by unidentified individuals at the Comal County Jail to continue pre–confinement hormonal treatments and "vascular medication." (ECF No. 1). First, Song has not identified the medical personnel he claims provided inadequate medical treatment, referring generically to "Unknown Medical Administration." (*Id.*). Second, his allegations constitute mere conclusions and labels, which is insufficient to state a viable § 1983 claim. *See Iqbal*, 556 U.S. at 678.

Song's allegations regarding placement in administrative segregation are likewise conclusory. (ECF No. 1). Song states Lt. Delgado "refused access to population." (ECF No. 1). Song provides no details regarding the restrictions resulting from his placement or any specific harm he has suffered as a result. (*Id.*).

Song also vaguely contends he has been treated differently based on his LGBTQ status, seemingly alleging a violation of his rights under the Equal Protection Clause. (*Id.*). First, he fails to identify an individual who allegedly violated his rights. (*Id.*). Second, he merely regurgitates global standards of review applicable to such a claim without stating how he has been treated

differently or how this is a constitutional violation. (*Id.*). Song wholly fails to plead any factual allegations showing disparate treatment. (*Id.*). Thus, Song's Equal Protection Clause allegations are insufficient to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678.

Finally, although Song names the Sheriff as a defendant, he makes no allegations or claims against him. (ECF No. 1). Under the notice pleading requirement for a federal lawsuit, Song is required, among other things, to: (1) state with particularity the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a). Song has failed to comply with Rule 8 with regard to the Sheriff. (ECF No. 1).

Accordingly, given his inadequate pleading, the Court finds Song's claims are subject to dismissal as frivolous and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i, ii), 1915A(b)(1).

### B. *Deliberate Indifference to Serious Medical Needs — Unknown Medical Administration*

Song, a pretrial detainee, appears to allege unidentified medical personnel in the Comal County Jail: (1) refused to continue the hormone replacement therapy he was receiving before his incarceration; and (2) failed to provide unidentified "vascular" medication. (ECF No. 1). The Court interprets this allegation as a Fourteenth Amendment inadequate medical care claim. *See* U.S. CONST. amend. XIV.

With regard to a pretrial detainee's claim of inadequate medical treatment, a jail official violates the Fourteenth Amendment when he or she acts with deliberate indifference to an inmate's serious medical needs. *See Tiede v. Salazar*, 518 F. Supp.3d 955, 970 (W.D. Tex. 2021); *see also Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (discussing deliberate

indifference to medical needs in context of Eighth Amendment). "Deliberate indifference" is an extremely difficult standard to meet. *Domino*, 239 F.3d at 756. A plaintiff must show the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "[F]acts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson*, 759 F.2d at 1238. An inadvertent failure to provide medical care is insufficient to state a claim. *Id.*

As currently pled, although Song uses the buzz words for a deliberate indifference claim, he has alleged, at best, a medical negligence claim. (ECF No. 1). In fact, he specifically states in his Complaint that he is alleging "medical negligence," which is not actionable under § 1983. (*Id.*). At best, Song has alleged an inadvertent failure to provide medical care, which is insufficient. *See Johnson*, 759 F.2d at 1238. Accordingly, to the extent he intends to assert a § 1983 claim based on a violation of the Fourteenth Amendment grounded on lack of medical care, Song has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. *Administrative Segregation — Lt. Delgado*

Song appears to allege a constitutional violation based on his placement in administrative segregation and Lt. Delgado's alleged refusal to place Song back in the general population. (ECF No. 1). A prisoner does not have a constitutionally recognized liberty interest in his custodial classification or unit of assignment and therefore, prison or jail authority's classification decisions are not subject to due process challenges. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (citing *Sandin v. Conner*, 515 U.S. 472, 483–87 (1995)). "[A]bsent extraordinary circumstances,

administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim." *Id.* at 612–13. Song has failed to allege any restrictions resulting from his placement in administrative segregation much less restrictions severe enough or of sufficient duration to amount to extraordinary circumstances. *See Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008). Accordingly, Song's allegation concerning his assignment to administrative segregation fails to state a non–frivolous claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

### D. Equal Protection Clause — Unnamed Defendants

Song seems to allege a violation of his rights under the Equal Protection Clause, suggesting he has been treated differently due to his "LGBTQ" status. (ECF No. 1). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) 'a state actor intentionally discriminated against him because of membership in a protected class[,]'" *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted), or (b) he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Song appears to claim he is being discriminated against because of his LGBTQ status. (ECF No. 1). However, he supplies no factual allegations to support this claim. Moreover, to establish a viable claim under the Equal Protection Clause, Song must plead sufficient facts to show he is being intentionally and purposefully discriminated against. *See Solis v. Barber*, No. 3:20-CV-00765-E(BT), 2021 WL 3434991, at *7 (N.D. Tex. June 30, 2021) (citing *B. Braxton/Obed-Edom v. City of New York*, 368 F. Supp.3d 729, 740 (S.D.N.Y 2019)), *report and recommendation adopted*, 2021 WL 3419703 (N.D. Tex. Aug. 5, 2021); *see also Wood*, 836 F.3d at 538–39. Song makes no such

allegations, thereby failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### E. *No Individual Acts — The Sheriff*

To state a § 1983 claim against a defendant, a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under § 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'").

Song has not alleged the Sheriff was personally involved in any alleged constitutional violation or that he was responsible for a policy or custom that gave rise to any alleged constitutional deprivation. (ECF No. 1). In fact, he has not included any actual allegations against the Sheriff in his Complaint. (*Id.*). In the absence of allegations that the Sheriff was personally involved in any of the alleged constitutional violations or responsible for a policy or custom that gave rise to such constitutional deprivation, Song has failed to state a claim upon which relief may be granted. *See Alderson*, 848 F.3d at 420; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Additionally, to the extent Song intended to name Comal County as a defendant by naming the Sheriff as a defendant, the Court finds his Complaint deficient. (ECF No. 1). To establish liability on the part of a county, a plaintiff must demonstrate a policy or custom that caused the

alleged constitutional deprivation. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Song fails to allege Comal County has a policy or custom relating to any of his alleged constitutional deprivations. (ECF No. 1); *see Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91.

### F. Failure to Respond to Show Cause Order or File Change of Address Notice

#### 1. Show Cause Order

This Court previously ordered Song to show cause by February 16, 2023, why his Complaint should not be dismissed for the various reasons set out in the Show Cause Order. (ECF No. 7). Song has not filed an amended complaint or otherwise responded to this Court's Show Cause Order.

The Court has the inherent power under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss a case *sua sponte* where necessary to achieve orderly, expeditious disposition of cases. FED. R. CIV. P. 41(b). Song's failure to respond to this Court's Show Cause Order suggests he no longer desire to pursue this matter and subjects him to dismissal under Rule 41(b) of Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an Order of this Court. *See id.*

#### 2. Change of Address

After Song filed his original Complaint, the Court mailed to him a case opening letter. (ECF No. 2). The letter advised Song that he was required to keep the Court informed of his current address throughout the pendency of his case. (*Id.*). The letter warned Song that failure to keep the Court advised might result in the dismissal of his case for want of prosecution. (*Id.*).

The orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

Comal County Jail records show that on February 17, 2023, Song was released on a $400.00 personal bond. *See* public.co.comal.tx.us/JailingDetail.aspx?JailingID=291168. Despite his release and resulting change of address, Song has not filed a notice of address change with this Court. Song's failure to file the required change of address notice prevents this Court from communicating with him and moving this case toward resolution, suggesting he no longer desires to prosecute this matter. Thus, based on his failure to provide the Court with a current address, this case is subject to dismissal for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

## CONCLUSION

Song was given an opportunity to amend his Complaint to correct the deficiencies set out in the Court's Show Cause Order, but he failed to respond. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds Song's claims are substantively subject to dismissal based on the

analysis set out above. Moreover, by failing to respond to the Court's Show Cause Order and failing to file a change of address notice, Song's Complaint is subject to dismissal pursuant to Rule 41(b).

**IT IS THEREFORE ORDERED** that Song's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i, ii), 1915A(b)(1).

**IT IS FURTHER ORDERED** that Song's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order and for failing to file a change of address notice. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 6th day of March, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE